# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2012

Lyle W. Cayce
Clerk

No. 12-10173
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDEN CALENDER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-94-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Branden Calender appeals the 24-month sentence imposed following the revocation of his supervised release. We review revocation sentences under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). This is a more deferential standard than the reasonableness standard that applies to sentences imposed upon conviction. *Id.* Under the plainly unreasonable standard, we first assess whether the district court committed procedural error

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and then consider "the substantive reasonableness of the sentence under an abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted).

Calender complains that the district court committed procedural error by improperly considering the factors of § 3553(a)(2)(A) in imposing his sentence because subsection (a)(2)(A) is not among the provisions of § 3553 that § 3583(e) directs courts to weigh in fashioning a revocation sentence. *See id.* at 844. However, he does not allege, and the record does not reflect, that the district court, in imposing his revocation sentence, made any specific reference to § 3553(a)(2)(A) or that the district court discussed any of the factors set forth in § 3553(a)(2)(A). Calender's argument instead rests on a statement in the district court's written judgment of revocation and sentence that the court had considered "all factors" set forth in § 3553(a).

Nevertheless, the district court, at sentencing, explained that the 24-month sentence "would appropriately address the factors the [c]ourt should consider in a revocation context." The court's references to the factors that "should" be considered indicate that the court limited its decision to the § 3553(a) factors enumerated in § 3583(e). The district court's oral pronouncement at sentencing controls to the extent it conflicts with the written judgment. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). Calender's argument fails to establish that his revocation sentence is plainly unreasonable. *See Miller*, 634 F.3d at 843. The judgment is AFFIRMED.