# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60215
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JENNY MARIE SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:09-CR-18-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jenny Marie Smith appeals the 24-month sentence imposed following the revocation of supervised release. Smith pleaded guilty in 2009 to embezzlement by a bank employee and was sentenced to 14 months of imprisonment and five years of supervised release. She was serving her term of supervised release when she was arrested on later felony embezzlement charges that resulted in the revocation of her supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60215

Smith argues that the district court committed procedural error by basing the sentence on the erroneous belief that she committed the instant offense while receiving counseling and that the sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a).

After the district court noted that the counseling Smith received had failed to provide adequate deterrence, Smith's counsel objected. The district court then engaged in a colloquy with Smith regarding her counseling, and no further objection was made. Further, the record shows that one of the special conditions of her supervised release was that she obtain counseling, and she testified that she had received counseling in the past. Moreover, the district court considered the Chapter Seven policy statements as well as Smith's mitigation arguments and ultimately concluded that the 24-month sentence was necessary to provide adequate deterrence, given her many years of embezzling from various employers, and to protect the public from future crimes—factors that were appropriate for the district court to consider in imposing the revocation sentence and which we will not reweigh. *See Gall v. United States*, 552 U.S. 38, 51 (2007); 18 U.S.C. § 3583(e). As for the extent of the variance, we have routinely upheld revocation sentences that exceed the guidelines range by an even greater degree but are within the statutory maximum. *See, e.g., United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012) (affirming a 48-month sentence where the advisory range on revocation of probation was three to nine months); *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009) (affirming a 36-month sentence where the guidelines range on revocation of supervised release was four to ten months).

AFFIRMED.