# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2020

Lyle W. Cayce
Clerk

No. 19-11297

United States of America,

*Plaintiff—Appellee*,

*versus*

Ernesto Lee Cano,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-131-1

Before Higginbotham, Smith, and Dennis, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

Ernesto Lee Cano appeals the consecutive 24-month sentences he received for violating the terms of his supervised release. Cano contends that the district court imposed an unreasonable sentence by giving significant weight to an improper sentencing consideration and ignoring a mitigating fact. We affirm.

## I.

In 2007, DEA agents discovered Cano unloading large amounts of marijuana from a tractor trailer in El Paso. Cano was charged with possession

with intent to distribute more than 100 kilograms of marijuana and conspiracy to do the same. Although Cano was initially released on bond, his bond was later revoked when he failed to report to pretrial services or appear for trial. Cano resurfaced in March 2009, when he reportedly turned himself in after living in Northern Mexico. Upon his return, Cano pleaded guilty to the two counts in his indictment and was sentenced to 80 months' imprisonment followed by four years of supervised release. Cano's supervised release came with standard conditions including that Cano would "not leave the judicial district without permission of the court or purgation officer," would "report to the Probation Officer . . . within the first five days of each month," and would "notify the Probation Officer at least ten days prior to any change in residence or employment."

Cano began his supervised release in January 2014. In December 2014, Border Patrol detained Cano as he attempted to enter Mexico at Fabens, Texas. Cano's probation officer, having been informed of this, instructed Cano to report immediately because he had not obtained permission to leave the jurisdiction. Cano did not report. Instead, he went again to Mexico, and by May 2015, he informed his probation officer that he was living in Chihuahua. Cano knew he was violating the terms of his release, but he advised that "he was in Mexico to assist his wife whose ex-husband was threatening to harm her due to a dispute regarding their children." In April 2019, Cano contacted his parole officer to indicate that he would self-surrender after his wife gave birth to their daughter. Cano was arrested by U.S. Border Patrol on September 30, 2019, and on November 20, 2019, the U.S. Attorney for the Western District of Texas moved to revoke Cano's supervised release.

Cano appeared for his revocation hearing and admitted the allegations in the motion to revoke. The presentence report calculated Cano's guideline range as 3-9 months for each count, based on his "C" grade violation of his

release and his criminal history of 1. Cano's counsel sought the guideline-minimum three months for each count. Cano and his counsel explained that he had absconded to Mexico to support his family and prevent his sons from being recruited by drug cartels. Cano also noted that he had remained in contact with U.S. law enforcement while in Mexico and had voluntarily surrendered.

The district court observed that Cano had previously absconded while out on bond and commented "so apparently you don't have any regard for the laws of the United States." Cano's counsel then clarified that Cano had reportedly turned himself in on that occasion too. The district court determined that a 24-month sentence for each count—an upward departure from the guideline range—was necessary "for the objectives of sentencing as outlined in 18 United States Code Section 3553(a) to be satisfied in this case, as those objectives apply in a revocation context." Cano appealed. He argues that the district court improperly considered the need to promote respect for the law in determining his sentence and ignored that Cano had previously self-surrendered.

## II.

The applicable standard of review depends on whether Cano properly preserved the objections that form the basis for his appeal. If Cano preserved his objections, then our review is the two-step "plainly unreasonable inquiry," in which we first ask whether the district court committed "significant procedural error, such as failing to consider the [applicable] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence," and then assess "the substantive reasonableness of the sentence imposed under an abuse-of-discretion

standard."[1] If Cano did not preserve his objections, our review is for plain error, and Cano "bears the burden to show (1) error (2) that is plain and (3) that affects his substantial rights."[2]

"A party may preserve a claim of error by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection."[3] At the revocation hearing, Cano's counsel sought a 3-month sentence for each count and, after sentence was pronounced, counsel stated that Cano "would object to the sentence as procedurally and substantively unreasonable." Thus, Cano preserved his substantive-reasonableness objection.[4] Cano also arguably preserved his objection to the court's refusal to consider his prior self-surrender when determining the appropriate sentence.[5] We will assume, without deciding, that he did. But Cano did not object to the district court's reliance on an improper sentencing consideration—promoting respect for the law. We review this objection for plain error.[6]

---

[1] *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018).

[2] *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotations omitted).

[3] FED R. CRIM. P. 51(b).

[4] *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766, 206 L. Ed. 2d 95 (2020).

[5] "MR. ANTONIO: Yes, Your Honor. We would ask that you take in consideration that he was in constant contact with probation and with the marshals while he was there. I know the last person that was just sentenced got less time than Mr. Cano did, and he wasn't in contact with anybody, and he hadn't -- he hadn't self-surrendered, hadn't turned himself in.".

[6] *Cf. Warren*, 720 F.3d at 332 ("At sentencing, Warren objected that his sentence was above the guidelines range, but he made no objection on the specific grounds he now raises. Our review, therefore, is for plain error.").

## A.

When imposing sentence after revoking a term of supervised release, a district court is restricted to considering only certain sentencing factors referenced in 18 U.S.C. § 3583.[7] Permissible factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need "to afford adequate deterrence to criminal conduct. . . ."[8] Excluded from consideration are those factors listed in § 3553(a)(2)(A), "which allows a court to impose a sentence that reflects the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[9] When a factor listed in § 3553(a)(2)(A) becomes a dominant factor in sentencing, the district court commits plain error.[10]

According to Cano, the district court clearly gave significant weight to an improper factor—the need to promote respect for the law—because the district court "cited only this one reason when explaining its decision to impose two consecutive sentences" fifteen months above the high end of the guideline range. This argument is based on the district court's commentary on Cano's history of absconding, a history which left the district court with the impression that Cano did not "have any regard for the laws of the United

---

[7] *See* 18 U.S.C. § 3583(e) (directing the district court to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)").

[8] 18 U.S.C. §§ 3553(a)(1), (a)(2)(B).

[9] *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).

[10] *United States v. Givens*, 746 F. App'x 421, 422 (5th Cir.), *cert. denied*, 139 S. Ct. 2034, 204 L. Ed. 2d 233 (2019); *United States v. Pinner*, 655 F. App'x 205, 207 (5th Cir. 2016) ("After *Miller*, this court clarified that a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence.").

States." The revocation hearing transcript makes plain that the district court was concerned by Cano's earlier absconding from the jurisdiction. And the logical inference from the colloquy is that this history motivated the district court to depart upward from the guideline range. But the district court's use of Cano's past absconding at sentencing is not plainly erroneous. "A sentence imposed on revocation of supervised release punishes a breach of trust for violating the conditions of supervision."[11] And Cano's penchant for absenting himself from law enforcement's jurisdiction is "'the conduct leading to the revocation'" of his supervised release, which the court may "'consider[] in measuring the extent of the breach of trust.'"[12] Under § 3583(e), the court was allowed to consider Cano's conduct through the lens of "the nature and circumstances of the offense and the history . . . of the defendant," as well as the need "to afford adequate deterrence to criminal conduct."[13] The district court's reliance on Cano's absconding in pronouncing sentence was not itself plain error.

The passing reference to Cano's lack of respect for the law does not make it plain that the district court impermissibly used Cano's history of absconding.[14] To show plain error, Cano must demonstrate that the impermissible consideration affected his substantial rights, which here means "show[ing] a reasonable probability that, but for the district court's error,

---

[11] *United States v. Daughenbaugh*, 793 F. App'x 237, 240 (5th Cir. 2019).

[12] *United States v. Rivera*, 797 F.3d 307, 309 (5th Cir. 2015) (quoting U.S.S.G. Ch. 7, Pt. A, intro. comment. (U.S. Sentencing Comm'n 2014)).

[13] 18 U.S.C. §§ 3553(a)(1), (a)(2)(B); *see also* 18 U.S.C. § 3583(e) (directing the district court to consider the factors "in section 3553(a)(1), (a)(2)(B).").

[14] *United States v. Antrim*, 681 F. App'x 329, 333 (5th Cir. 2017) ("We have held that recitation of these impermissible factors without more does not result in plain error.").

[he] would have received a lower sentence."[15] In passing sentence, the district court stated "I don't think a sentence any less than that would adequately and appropriately address all the factors the Court should consider in sentencing under 18 United States Code Section 3553(a)." "The court's references to the factors that 'should' be considered indicate that the court limited its decision to the § 3553(a) factors enumerated in § 3583(e)."[16] As explained above, a defendant's history is one of the factors that informs sentencing when supervised release is revoked. Here, whether the district court was attempting to promote respect for the law by varying upward is uncertain. And Cano's speculation is insufficient to show plain error because this Court is unable to say, with reasonable probability, that Cano would have received a lower sentence absent the asserted error.[17]

## B.

Cano argues that his sentence was unreasonable because the district court failed to account for his first self-surrender after he absconded while on bond. A revocation sentence "is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."[18] Because we assume Cano preserved his objection, we review the sentence's substantive

---

[15] *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

[16] *United States v. Calender*, 500 F. App'x 330 (5th Cir. 2012).

[17] *United States v. Tovar*, 480 F. App'x 345, 349 (5th Cir. 2012) ("Although the court specifically cited Tovar's recidivism when it imposed her revocation sentence, it is unclear whether this reflects the court's intent to punish Tovar or instead its desire to afford adequate deterrence and to protect the public, as it stated at other times during the sentencing hearing. Tovar cannot satisfy her burden by relying upon such ambiguity or uncertainty in the record.").

[18] *Warren*, 720 F.3d at 332.

reasonableness for an abuse of discretion, examining the totality of the circumstances.[19] Our review is "highly deferential, because the sentencing court is in a better position to find facts and judge their import."[20] "If we find the sentence unreasonable, we may reverse the district court only if we further determine 'the error was obvious under existing law.'"[21]

Cano argues that his sentence is substantively unreasonable because "the district court considered [his] history and characteristics . . . in a way that overlooked the fact of Mr. Cano's self-surrender from his first time absconding." As the district court reviewed Cano's history, defense counsel interjected to explain that, after absconding for two years while facing drug trafficking charges, Cano had turned himself in. To which the district court responded "I don't have any evidence of that. . . . The Presentence Report says that he was -- an arrest warrant was executed, and he was arrested, is the information I have. I don't have any information that he self-surrendered." As Cano now points out, the Presentence Report indicates that Cano "stated he turned himself into [*sic*] federal officials" after absconding. Cano contends this alleged mitigating fact was entitled to "significant weight" because "the history of absconding was at the front of the district court's mind when calculating the revocation sentence."

Cano is correct that § 3583(e) directs the district court to consider, among other things, the defendant's history when imposing a sentence after revoking supervised release.[22] Here, it is clear the district court considered Cano's history. But the presentence report indicates that the district court

---

[19] *Id.*

[20] *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).

[21] *Warren*, 720 F.3d at 326 (quoting *Miller*, 634 F.3d at 843).

[22] 18 U.S.C. § 3583(e).

was at least partially mistaken, in that the report does briefly reference Cano's alleged self-surrender. If it was error for the district court not to consider Cano's first self-surrender, the error was not an obvious one. Cano offers us no case illustrating as much. A revocation sentencing is "relatively informal" and "a defendant facing revocation is not owed 'the full panoply of rights due a defendant in' a criminal prosecution."[23] "What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior."[24] The presentence report does not verify the truth of Cano's allegation that he turned himself in, it merely repeats his allegation. To the extent the district court premised its upward variance on Cano's absconding, that premise was accurate.[25] Further, the district court heard Cano's in-court statement that he had turned himself in after his most recent hiatus abroad and implicitly found that this fact did not mitigate Cano's decision to abscond for over four years. We hold that the district court's failure to consider Cano's first alleged self-surrender does not warrant reversal here.

Nor does the upward variance from the guidelines call into doubt the reasonableness of the sentence.[26] It was within the district court's discretion to find that Cano's "absconding from supervision and failing to abide by the

---

[23] *Warren*, 720 F.3d at 329 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

[24] *Morrissey*, 408 U.S. at 484.

[25] "THE COURT: Mr. Antonio, this defendant has been an absconder for some period of time?  MR. ANTONIO: Yes, Your Honor."

[26] *United States v. Smith*, 676 F. App'x 349, 350 (5th Cir. 2017) (listing cases).

No. 19-11297

terms of the supervision were serious violations, meriting a significant punishment."[27]

The judgment of the district court is affirmed.

---

[27] *United States v. Scicutella*, 478 F. App'x 818, 820 (5th Cir. 2012).