# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2021

Lyle W. Cayce
Clerk

No. 21-60414
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC JAMES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-34-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Eric James appeals the 12-month prison term imposed following revocation of his supervised release. He argues that the district court imposed a substantively unreasonable sentence by ordering a prison term instead of long-term substance abuse treatment; that treatment would serve

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60414

the interests of deterring future criminal conduct, protecting the public, and providing correctional treatment; that a revocation sentence should not be imposed to punish the conduct that constituted the supervised release violation or to promote his rehabilitation; and that sentencing him to mandatory drug treatment would not create any unwarranted sentencing disparity. Even assuming (without deciding) that the argument was preserved, we reject it.

"A revocation sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (internal quotation marks omitted). The record belies any suggestion by James that the district court impermissibly considered the need to punish him for his drug use or addiction or that the court lengthened his prison term to promote his rehabilitation in violation of *Tapia v. United States*, 564 U.S. 319 (2011). At best, his arguments amount to a disagreement with the district court's balancing of the sentencing factors. This does not suffice to rebut the presumption of reasonableness afforded to his sentence, which was within his policy statement range. *See United States v. Badgett*, 957 F.3d 536, 541 (5th Cir.), *cert. denied*, 141 S. Ct. 827 (2020).

Accordingly, the judgment of the district court is AFFIRMED.