# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2022

Lyle W. Cayce
Clerk

No. 21-30721
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALVIN KINCERELY LAW, JR.

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-240-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Alvin Kincerely Law, Jr., appeals the 24-month above-guidelines sentence imposed following the revocation of his supervised release, which was part of his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He contends that the revocation sentence was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

based upon the seriousness of a battery charge pending against him in state court and the district court's desire to punish him for that offense and that the district court therefore improperly relied upon a 18 U.S.C. § 3553(a)(2)(A) factor in determining the sentence. He also argues that the sentence imposed is substantively unreasonable because the district court failed to give appropriate weight to the correctly calculated guidelines range and gave too much weight to the pending battery charge.

To the extent Law argues that his sentence was substantively unreasonable because the district court gave significant weight to an improper sentencing factor, our review is for plain error because he did not raise that argument before the district court. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). He otherwise properly preserved a challenge to the substantive reasonableness of his sentence. *Id*. Sentences imposed upon revocation of supervised release are reviewed under the plainly unreasonable standard when an issue has been preserved for appeal. *Id*.

Excluded from consideration when determining a revocation sentence are those factors listed in § 3553(a)(2)(A), which are the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* § 3553(a)(2)(A); *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). The district court did not expressly reference the § 3553(a)(2)(A) prohibited factors, and, even assuming, arguendo, that it did implicitly consider those factors, it also implicitly considered the nature and circumstances of the supervised release violations; Law's history and characteristics, including his repeated noncompliance with the terms of his supervision; the need for deterrence; and the need to protect the public from further crimes by Law. Those are permissible considerations in a revocation hearing. *See* § 3553(a)(1), (a)(2)(B), (a)(2)(C); *United States v. Sanchez*, 900 F.3d 678, 684-85 (5th Cir. 2018). Accordingly, even if the district court considered

No. 21-30721

retribution as an additional justification for the sentence, there is no indication that a § 3553(a)(2)(A) factor played a dominant role here, and Law therefore fails to show the requisite plain (clear or obvious) error. *See United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

The extent of the upward variance — from a guidelines range of eight to 14 months to a sentence of 24 months — does not constitute an abuse of discretion; we have routinely upheld larger variances. *See*, *e.g.*, *United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012). Law fails to show that his revocation sentence is plainly unreasonable. *See Cano*, 981 F.3d at 425.

AFFIRMED.