# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2022

Lyle W. Cayce
Clerk

No. 21-30744
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HAROLD J. JACKSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-169-1

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Harold J. Jackson appeals the 24-month sentence imposed upon the revocation of supervised release.  The district court found that Jackson violated a mandatory condition of his supervised release, revoked Jackson's supervised release, and sentenced Jackson above the advisory policy

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

statement range to two years of imprisonment, the statutory maximum; no additional term of supervised release was imposed.

For the first time, Jackson argues that his revocation sentence is substantively unreasonable because the district court relied on an impermissible factor—the need to punish him for the offense that was the basis for his supervised release violation (a domestic battery offense)—in imposing the revocation sentence. Because Jackson did not object in the district court to his sentence on any ground or request a sentence below or within the advisory policy statement range, review is for plain error only. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020).

To prevail on plain error review, Jackson must show a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have discretion to correct the error but will do so only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (citation omitted).

Jackson argues that in an initial sentencing proceeding, the district court must consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A), but that this does not apply to a sentencing for revocation. *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011); *see* § 3583(e). Although that is correct, even so, the district court errs only if "an impermissible consideration is a dominant factor in the court's revocation sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

The district court made no mention of the severity of Jackson's supervised release violation. Indeed, there was no discussion whatsoever at

No. 21-30744

sentencing about the facts, circumstances, or nature of the violation other than that it was a grade C violation. Moreover, the district court's statements, although brief, reflect its proper and implicit consideration of Jackson's history and characteristics, including Jackson's propensity for recidivism. *See* § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7); § 3583(e). This concern about Jackson's history of recidivism supports the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes; those factors, too, are permissible for the court to consider. *See* § 3553(a)(1), (a)(2)(B), (a)(2)(C).

Jackson has not shown that the district court committed any error, much less a clear or obvious one. *See Rivera*, 784 F.3d at 1017; *see also Puckett*, 556 U.S. at 135.

The district court's judgment is AFFIRMED.