# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2022

Lyle W. Cayce
Clerk

No. 21-50811
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HERMAN BILL ZUBIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-291-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Herman Bill Zubia appeals the sentence imposed upon revocation of his supervised release. The district court imposed a 21-month term of imprisonment, which was within the advisory range of 21 to 27 months. Zubia argues that this sentence is substantively unreasonable because it failed

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50811

to consider that he already had been detained for more than 13 months on state assault charges that were later dropped, both by state authorities and by the Government as a basis for revocation of his supervised release.

Applying the "plainly unreasonable" standard, we consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). We conclude that his arguments are without merit. The record reflects that the district court considered the information and arguments before it, including the argument that it should vary downward to account for the time Zubia spent in custody on the assault charges. Zubia fails to demonstrate that the sentence imposed "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 427 (internal quotation marks and citation omitted). Accordingly, we AFFIRM.