# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2022

Lyle W. Cayce
Clerk

No. 22-20347
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Gerrett Winn,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-691-8

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Gerrett Winn appeals the 24-month above-guidelines sentence imposed following the revocation of his supervised release, which was part of his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He contends that the revocation sentence was based upon improper factors, including the seriousness of charges pending against

---

[*] This opinion is not designated for publication. See 5th Cir. R. 47.5.

him in state court which had been dropped from the revocation proceedings and on the district court's desire to impose just punishment after his prior lenient sentence. Winn also argues that the district court failed to give sufficient weight to the appropriate guidelines range, urging that the court erred in imposing a sentence applicable to a more serious grade B violation of supervised release to his less serious grade C violation.

To the extent that Winn argues that his sentence was substantively unreasonable because the district court gave significant weight to an improper sentencing factor, our review is for plain error because he did not raise that argument before the district court. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). He otherwise properly preserved a challenge to the substantive reasonableness of his sentence. *Id.* Sentences imposed upon revocation of supervised release are reviewed under the plainly unreasonable standard when an issue has been preserved for appeal. *Id.*

Excluded from consideration when determining a revocation sentence are those factors listed in § 3553(a)(2)(A), which are the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* 18 U.S.C. § 3553(a)(2)(A); *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). The district court specifically stated that it did not consider the dropped charges, proceeding only on the charged supervised release violation to which Winn pleaded true. The court did not expressly reference the § 3553(a)(2)(A) prohibited factors, and, even assuming, arguendo, that it did implicitly consider those factors, it also considered Winn's significant criminal history, the substantial leniency previously shown him, and his almost immediate violation of the terms of his release, all permissible considerations in a revocation hearing. *See* § 3553(a)(1); *United States v. Sanchez*, 900 F.3d 678, 684-85 (5th Cir. 2018). Accordingly, even if the

district court considered the need for just punishment and to promote respect for the law as an additional justification for the sentence, there is no indication that a § 3553(a)(2)(A) factor played a dominant role here, and Winn therefore fails to show the requisite plain (clear or obvious) error. *See United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

The extent of the upward variance — from a guidelines range of five to 11 months to a sentence of 24 months — does not constitute an abuse of discretion; we have routinely upheld larger variances. *See*, *e.g.*, *United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012). Winn fails to show that his revocation sentence is plainly unreasonable. *See Cano*, 981 F.3d at 425.

Accordingly, the district court's judgment is AFFIRMED.