# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2023

Lyle W. Cayce
Clerk

_____

No. 22-30411
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Brandon L. Hunt,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-39-1

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Brandon L. Hunt was sentenced above the Guidelines range to 24 months of imprisonment following the revocation of his supervised release. On appeal, Hunt asserts that the district court reversibly erred by considering an impermissible factor —promoting respect for the law — in imposing the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

revocation sentence. He further asserts that his revocation sentence was substantively unreasonable.

The Government filed an opposed motion to supplement the record on appeal with the violation worksheet and to place the supplemental record under seal. Federal Rule of Appellate Procedure 10(e)(2) allows for the supplementation of the record "[i]f anything material to either party is omitted from . . . the record by error or accident." The violation worksheet was relied upon in the district court and, thus, is material to the issue on appeal. S*ee Waguespack v. Aetna Life & Cas. Co.*, 795 F.2d 523, 525 (5th Cir. 1986). Accordingly, the Government's motion to supplement the record is GRANTED, and the clerk's office is directed to place the supplemental record under seal.

During a defendant's initial sentencing, the district court must consider, among other factors, the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Section 3552(a)(2)(A) factors, however, may not be considered when fashioning a revocation sentence under 18 U.S.C. § 3583(e). *United States v. Sanchez*, 900 F.3d 678, 683-84 (5th Cir. 2018). A retribution-based sentencing error occurs when the "impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). Because Hunt did not object on this ground in the district court, our review is for plain error. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). Hunt fails to demonstrate any error in this respect, much less one that was clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

No. 22-30411

Finally, Hunt preserved his challenge to the substantive reasonableness of his sentence when he objected to the excessiveness of his sentence in the district court. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). A preserved challenge to a revocation sentence is reviewed under the "plainly unreasonable" standard. *Sanchez*, 900 F.3d at 682. Hunt fails to show that the sentence above the advisory range was plainly unreasonable.

AFFIRMED.