# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2024

Lyle W. Cayce
Clerk

No. 23-50725

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES DEMOUNG WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-151-3

Before WIENER, ELROD, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

James Demoung Williams challenges the above-guidelines sentence imposed upon the revocation of his supervised release. Specifically, he contends that the district court committed plain error by relying on clearly erroneous facts in arriving at the sentence. We agree with Williams, vacate his sentence, and remand for re-sentencing.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50725

## I.

In 2006, Williams pleaded guilty to conspiracy to possess with the intent to distribute cocaine base and was sentenced to 240 months of imprisonment and 10 years of supervised release. His term of supervised release began on February 13, 2020.

In 2023, his probation officer filed a petition to revoke his supervised release, asserting that Williams violated the conditions requiring him to abstain from alcohol use, maintain regular employment, and timely notify the probation officer of any change in residence. The probation officer then filed an amended petition to revoke, adding an allegation that Williams violated another condition of his supervised release by committing theft.

At the revocation hearing, Williams conceded each violation except the allegation of theft, which the Government then abandoned. The district court imposed an above-guidelines sentence of 36 months' imprisonment. In giving its reasons for imposing this sentence, the district court stated:

> He has an extensive history of assault, drug distribution, aggravated robbery, and theft. In the Court's opinion, he appears to—having seen him once before, he appears to lack motivation, desire to change, while failing to support his children, as required by [the sentencing judge]. And he's admitted to drinking alcohol on several occasions. Not just one. And so I would say he's not responded well, even though this case began in 2006. It could have been even before that. It's got a 2006 case number.

The court further explained that it considered the policy statements in Chapter 7 of the Sentencing Guidelines as well as the pertinent § 3553(a) factors in determining that Williams's repeated noncompliance with the supervised release conditions, breach of the court's trust, likelihood of

recidivism, and history and characteristics all warranted an above-guidelines sentence.

## II.

On appeal, Williams asserts that the revocation sentence is procedurally and substantively unreasonable. Specifically, he contends that the district court's statements falsely implied that he had been brought before the court for previous violations and that he had failed to pay child support. Williams also asserts that the sentence of 36 months' imprisonment is substantively unreasonable.

As for his first contention, Williams argues that the district court committed procedural and substantive error by relying on erroneous facts in imposing the sentence. Because he did not raise these specific arguments in the district court, we review for plain error only. *United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009); *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). To establish plain error, a defendant must show (1) the district court committed an error that (2) is clear or obvious and (3) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Rodriguez-Pena*, 957 F.3d 514, 516 (5th Cir. 2020). Even if the defendant makes this showing, this court may exercise its discretion to correct the error only if the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135. (internal quotation marks and citation omitted).

Sentencing courts must "carefully articulate the reasons" for revocation sentences outside of the guideline range. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). In the context of a challenge to an above-guidelines revocation sentence, this court will affirm on plain error review if "there is no indication that the district court would impose a lighter sentence on remand" and the record is "sufficient for [this court] to assess the reasons

and reasonableness" of the sentence. *Whitelaw*, 580 F.3d at 264–65. But if a defendant can show that a clear error affected his substantial rights, we generally "must exercise our discretion to remand." *Rodriguez-Pena*, 957 F.3d at 515 (alterations accepted) (internal quotations omitted).

In issuing Williams's revocation sentence, the district court stated that it "ha[d] seen [Williams] once before, he appears to lack motivation [and] desire to change," and he had "fail[ed] to support his children." But as Williams points out, and the Government acknowledges, his sentence had not been previously revoked, and no evidence in the record suggests that Williams failed to pay child support. Williams had also not previously appeared before this sentencing judge.

The Government allows that the district court's comments were "inartful," though it counters that there is "reasonable debate" as to the import of the court's statements. Based on the record before us, however, the court's comments were not merely inartful; they plainly evince that the court relied on clearly erroneous facts in sentencing Williams. *See United States v. Warren*, 720 F.3d 321, 332–33 (5th Cir. 2013). And because the court sentenced Williams to an above-guidelines sentence, that error affected his substantial rights. *Puckett*, 556 U.S. at 135. Indeed, the error was such that it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* With the accurate facts before it, the district court may well "impose a lighter sentence on remand," *Whitelaw*, 580 F.3d at 264, or, at the least, clarify its sentence based on facts and factors applicable to Williams, not mistaken ones.

"On the facts of this case and under current Supreme Court precedent, we hold that [Williams] has met" his burden to show reversible

No. 23-50725

plain error.[1] *Rodriguez*-Pena, 957 F.3d at 516. Accordingly, we vacate the sentence imposed by the district court and remand for resentencing. Of course, "[n]othing in this opinion precludes the district court from exercising its discretion to depart from the Guidelines and choose any sentence permitted by 18 U.S.C. § 3553." *Id.*

VACATED AND REMANDED.

---

[1] Because we find that Williams has shown plain procedural error due to the district court's reliance on clearly erroneous facts at sentencing, we need not address his remaining arguments regarding the substantive reasonableness of his sentence.