# United States Court of Appeals for the Fifth Circuit

————————

No. 24-60409
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Taylor Hidalgo,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-100-1

————————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Taylor Hidalgo challenges his above-Guidelines sentence of 24-months' imprisonment (the statutory maximum) and 96-months' supervised release, imposed following the third revocation of his term of supervised release. He challenges the substantive reasonableness of his sentence,

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

contending the district court improperly balanced the relevant sentencing factors.

The "plainly unreasonable" standard governs our court's review of revocation sentences. *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). We first consider whether the district court committed any "significant procedural error". *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If no such procedural error exists, a properly-preserved objection is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 499–500. (We assume, without deciding, that Hidalgo's substantive-reasonableness challenge was preserved. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) (declining to decide standard of review when claim fails under more lenient standard).)

A revocation sentence is plainly unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (citation omitted). Review of a sentence's substantive reasonableness is understandably "highly deferential" to the district court. *Id.* (citation omitted). A district court may "rely on factors already incorporated by the Guidelines to support a non-Guidelines sentence". *United States v. Hudgens*, 4 F.4th 352, 358–59 (5th Cir. 2021) (citation omitted). For the following reasons, there was no abuse of discretion.

The court properly considered the 18 U.S.C. § 3553(a) sentencing factors, and concluded an upward variance was justified by Hidalgo's criminal history, two prior revocations, and multiple violations of supervised release. *See United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011) (upward variance was not an abuse of discretion because it was

2

"commensurate with the individualized, case-specific reasons provided by the district court") (citation omitted).

Although Hidalgo may disagree with how the relevant considerations were balanced, we will not independently reweigh the § 3553(a) sentencing factors or substitute our judgment for that of the district court. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") (citation omitted).

Finally, the extent of the upward variance at issue is well within the range of other upward variances we have affirmed. *See, e.g.*, *Warren*, 720 F.3d at 332 (affirming statutory-maximum revocation sentence of 24 months when Guidelines range was eight to 14 months); *Kippers*, 685 F.3d at 500–01 (affirming statutory-maximum revocation sentence of 48 months when Guidelines range was three to nine months); *Hudgens*, 4 F.4th at 359 (noting even "major" upward variance is generally reasonable when, as in this instance, it falls within the statutory maximum sentence).

AFFIRMED.