# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2025

Lyle W. Cayce
Clerk

No. 24-10685
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Brandon Desmond Medford,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-95-1

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Brandon Desmond Medford contests his within-Guidelines sentence of 24-months' imprisonment (the statutory maximum), imposed following the revocation of his term of supervised release. He challenges the substantive reasonableness of his sentence, contending the district court improperly balanced the relevant sentencing factors.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We assume, without deciding, that Medford's substantive-reasonableness challenge was preserved. *See United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018). Our court reviews a preserved objection to a revocation sentence under a two-step "plainly unreasonable" standard. *E.g.*, *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020).

First, we review the sentence for significant procedural error. *See id.* If no such error is present (as is not claimed here), the next step is to consider whether the sentence was substantively reasonable (the issue at hand). *Id.* A properly preserved substantive-reasonableness challenge is reviewed for abuse of discretion. *Id.*

A revocation sentence is substantively unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *Id.* at 427 (citation omitted). Review of a sentence's substantive reasonableness is understandably "highly deferential" to the district court. *Id.* (citation omitted). For the following reasons, there was no abuse of discretion.

The sentence imposed was presumptively reasonable, and Medford has not rebutted that presumption. *E.g.*, *United States v. Badgett*, 957 F.3d 536, 541 (5th Cir. 2020); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (noting our "court applies a rebuttable presumption of reasonableness to a properly calculated, within-[G]uidelines sentence"). The court properly considered the 18 U.S.C. § 3553(a) sentencing factors and considered Medford's contentions and evidence in mitigation. Ultimately, the court concluded that a 24-month sentence was warranted to satisfy relevant sentencing goals, such as deterrence and protection of the public.

Although Medford may disagree with how the relevant considerations were balanced, we will not independently reweigh the § 3553(a) sentencing

factors or substitute our judgment for that of the district court. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") (citation omitted).

Finally, although Medford contends he was entitled to consideration for acceptance of responsibility because he pleaded true to all of the violations, the district court did not err by declining to consider what amounts to a disagreement with the policy of the Sentencing Guidelines. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009).

AFFIRMED.