# United States Court of Appeals for the Fifth Circuit

---

No. 24-10157
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA DEVON BARROW,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:23-CR-49-1

---

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Joshua Devon Barrow appeals from the 60-month sentence imposed following the revocation of his term of supervised release. He argues that the district court erred by classifying his underlying offense as a Class A felony when determining the statutory sentencing range for his revocation sentence and that the imposed sentence was plainly unreasonable.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10157

We usually review the reasonableness of a revocation sentence using the two-step "plainly unreasonable" standard. *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). First, we review the sentence for significant procedural error. *See id.* If no significant procedural error is present, then the next step is to consider whether the sentence was substantively reasonable. *Id.* When the issue is properly preserved, we review the substantive reasonableness of the sentence for an abuse of discretion. *Id.* A revocation sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted).

Barrow did not object to the classification of his underlying offense in district court, so this issue is reviewed only for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). He interprets the plain language of 18 U.S.C. § 3583(e)(3) as requiring the district court to classify his underlying conviction based on the penalties that would be applicable today. However, the plain language does not sustain that interpretation, and his failure to provide any binding authority in support of his argument prevents him from showing reversible plain error on that basis. *See United States v. Alvarado-Casas*, 715 F.3d 945, 952 (5th Cir. 2013); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

Although Barrow preserved a challenge to the length of his revocation sentence by advocating for a shorter sentence, he did not object to the district court's reliance on the factor that he challenges in this appeal. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173-75 (2020). His failure to object to that factor results in plain error review. *See Cano*, 981 F.3d at 425.

2

Nevertheless, his challenge would fail even if the issue had been preserved. *See United States v. Sanchez*, 900 F.3d 678, 682, 687 (5th Cir. 2018).

The district court imposed an upward variance based on its conclusion that Barrow "routinely engaged in violent conduct," but Barrow contends that the district court's supporting references to the presentence report do not corroborate that statement. Barrow surmises that the district court based the upward variance on murder allegations, which were an improper factor for sentencing because they were unsubstantiated. Examination of the record does not support Barrow's arguments, and he has not identified any other basis for challenging the substantive reasonableness of his sentence. *See Warren*, 720 F.3d at 332.

The district court's judgment is AFFIRMED.