# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-20446
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Craig Allan Hurley,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-655-1

———————————————————————

Before Jolly, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Craig Allan Hurley appeals the above-guideline sentence imposed upon the revocation of his supervised release. He argues that the sentence is substantively unreasonable and asserts that, in imposing his sentence, which was more than double the high end of the applicable guidelines range, the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court failed to consider his mitigating personal history and characteristics.

We assume, without deciding, that Hurley preserved his general objection to the substantive reasonableness of the sentence. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). We therefore review his argument under the plainly unreasonable standard. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020); *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020).

Hurley's assertion that the district court failed to consider his personal history and characteristics is belied by the record, which establishes that the court considered the mitigating facts he presented but found them to be outweighed by his criminal history, his dangerousness, and the nature of his supervised release violations. To the extent that he asserts the court should have given more weight to his mitigating factors, his disagreement with the district court's balancing of the applicable 18 U.S.C. § 3553(a) factors does not warrant reversal. *See Cano*, 981 F.3d at 427; *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Moreover, the extent of the variance here is well within the range of other upward variances we have affirmed. *See, e.g., id.*; *United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012); *United States v. Mathena*, 23 F.3d 87, 89, 93-94 (5th Cir. 1994).

Hurley has failed to show that his revocation sentence is plainly unreasonable. *See Cano*, 981 F.3d at 425; *Kippers*, 685 F.3d at 500. Accordingly, the district court's judgment is AFFIRMED.