# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-50231
consolidated with
No. 25-50229
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luciano Diaz-Contreras,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-113-2
USDC No. 7:24-CR-176-1

---

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

Luciano Diaz-Contreras pleaded guilty to illegally reentering the United States, and the district court sentenced him to thirty-seven months in prison and three years of supervised release. During the same hearing, the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court also sentenced Diaz-Contreras to twenty-four months in prison for violating the terms of a supervised-release sentence that he was serving for a 2017 firearm conviction.

In this consolidated appeal, Diaz-Contreras raises two challenges. First, he argues that the district court erroneously calculated his illegal reentry sentence by assigning three criminal history points for a Texas firearms offense. Second, he submits that the district court impermissibly based his revocation sentence on retributive sentencing factors. Diaz-Contreras did not raise either of these arguments in the district court, so we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 134–36 (2009); *see also United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020) (concluding that a defendant's objection in the district court to the procedural and substantive reasonableness of his sentence does not also preserve a different sentencing challenge). To satisfy the plain error standard, an appellant must identify (1) "an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and, if those three requirements are met, this court "has the *discretion* to remedy the error" only if (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (cleaned up). "Meeting all four prongs is difficult, 'as it should be.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)).

Diaz-Contreras's challenge to the district court's calculation of his criminal history score fails. Under the Sentencing Guidelines, three criminal history points are added "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). "To qualify as a sentence of imprisonment, the defendant must have *actually served* a period of

imprisonment on such sentence. . . ." *Id.* § 4A1.2 cmt. n.2 (emphasis added). Diaz-Contreras pleaded guilty in state court to unlawfully possessing a firearm, he was sentenced to four years of imprisonment, and he was given credit for 1,910 days—more than four years—of time served. So, Diaz-Contreras's sentence exceeds the minimum one-year, one-month sentence required for three criminal history points. But he contends that he did not actually serve time on this sentence.

Diaz-Contreras was in state custody from September 24, 2023, to March 22, 2024. During this period, there were two separate state charges pending against Diaz-Contreras—one for unlawful possession of a firearm, the other for resisting arrest. Diaz-Contreras contends that he was in custody *only* for the resisting arrest charge, not for the felon in possession charge. But it is neither clear nor obvious that Diaz-Contreras was not in custody for the felon in possession charge during this period. Instead, it is subject to reasonable dispute whether this time was credited toward Diaz-Contreras's firearm conviction. *See United States v. Brown*, 54 F.3d 234, 240 (5th Cir. 1995) (explaining that time served before a conviction but credited towards that conviction counts as time served on that conviction for sentencing purposes). Diaz-Contreras has not shown that the district court committed any clear or obvious error, so his first challenge fails. *Puckett*, 556 U.S. at 135.

Diaz-Contreras's challenge to his revocation sentence also fails. The district court reviewed the policy statements in chapter seven of the Guidelines and imposed the twenty-four-month revocation sentence in light of Diaz-Contreras's "repeated noncompliance with the terms of supervision, his breach of the Court's trust, his tendency toward recidivism, the likelihood to reoffend, his history and characteristics, along with the need to deter his criminal conduct and to protect the public from additional crimes."

25-50231
c/w No. 25-50229

It is not "'clear' or 'obvious' that the district court actually relied on" impermissible, backward-looking sentencing factors "either expressly or by unmistakable implication." *Esteras v. United States*, 606 U.S. 185, 203 (2025) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Rather, the district court grounded the sentence in Diaz-Contreras's history and characteristics, as well as the court's desire to deter future criminal activity and protect the public. These are all proper considerations for a revocation sentence. *See* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C); *Cano*, 981 F.3d at 425.

We AFFIRM.