# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2026

Lyle W. Cayce
Clerk

————————

No. 25-20399
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN ALBERT GARCIA,

*Defendant—Appellant*.

————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-536-1

————————————————

Before CLEMENT, SOUTHWICK, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

John Albert Garcia appeals his 24-month revocation sentence, arguing that the district court improperly considered the need to promote Garcia's respect for the law under 18 U.S.C. § 3553(a)(2)(A). Garcia did not preserve this issue for appeal, so we review only for plain error. *See United States v. Puckett*, 556 U.S. 129, 135 (2009).

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20399

When deciding whether to revoke supervised release under 18 U.S.C. § 3583(e), a district court may not consider the retributive factors under § 3553(a)(2)(A). *Esteras v. United States*, 606 U.S. 185, 194–95 (2025). Before handing down Garcia's revocation sentence, the district court reviewed Garcia's criminal history and heard arguments from Garcia's counsel and the government. The court acknowledged that it considered the policy statements in Chapter 7 of the Sentencing Guidelines and the sentencing factors in § 3553(a). It then imposed Garcia's prison sentence based on the fact that "he has no respect for the law over and over again," as he was "convicted of a felony"—unauthorized use of a vehicle—"while he was on supervised release."

It is neither clear nor obvious "that the district court actually relied on § 3553(a)(2)(A) . . . either expressly or by unmistakable implication." *Id.* at 203. Indeed, viewed in context, the district court's statement about Garcia's lack of respect for the law concerned Garcia's criminal history and risk of recidivism. *See United States v. Grant*, No. 25-30008, 2026 WL 323160, at *4 (5th Cir. Feb. 6, 2026) (per curiam) (concluding that the district court's use of the words "lack of respect for the law" was an acknowledgement of the defendant's criminal history and potential dangerousness, when read in context). Garcia was originally convicted of possessing stolen mail, and, while he was on supervised release, he was convicted of using a vehicle without authorization. We can infer from the revocation hearing transcript that the district court was concerned about Garcia's proclivity for theft, so it fashioned a sentence it believed was appropriate to deter future criminal conduct and protect the public from further crimes. *See United States v. Cano*, 981 F.3d 422, 426 (5th Cir. 2020). These considerations were permissible. *See Esteras*, 606 U.S. at 200; 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)–(C). Thus, Garcia has not established that the district court made a clear or

obvious error in determining his revocation sentence. *See Puckett*, 556 U.S. at
135.

We AFFIRM.