# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2026

Lyle W. Cayce
Clerk

No. 25-11257
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Rickey Steve Farris, Jr.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:11-CR-44-1

———————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Rickey Steve Farris, Jr. appeals from the judgment of the district court revoking his term of supervised release and sentencing him to nine months of imprisonment and 20 years of supervised release. For the first time on appeal, Farris argues that the district court denied him a jury trial on whether he violated his conditions of supervised release and sentenced him for

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11257

impermissible retributive purposes based on his breach of trust. The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file a brief.

The parties are correct that this court's precedent forecloses Farris's arguments regarding the right to a jury trial in revocation proceedings, *see United States v. Hinson*, 429 F.3d 114, 118–19 (5th Cir. 2005), and consideration of breach of trust in imposing a revocation sentence, *see United States v. Cano*, 981 F.3d 422, 426 (5th Cir. 2020); *see also Esteras v. United States*, 606 U.S. 185, 194 n.5 (2025) (taking "no position on whether this is a permissible consideration"). Summary affirmance is thus appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time to file a brief is DENIED. The judgment of the district court is AFFIRMED.