# United States Court of Appeals
# for the Fifth Circuit

No. 25-50692
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STEPHEN LEE MOORE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:23-CR-103-1

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Stephen Lee Moore appeals the 24-month sentence imposed after the revocation of his term of supervised release. He argues that the district court improperly considered the need for rehabilitation and retribution when imposing his revocation sentence.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50692

We review for plain error. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). When imposing revocation sentences, which are governed by 18 U.S.C. § 3583(e)(3), district courts are authorized to respond to a violation of supervised release conditions by imposing a new term of imprisonment after considering a list of sentencing factors that incorporate most, but not all, of the factors listed in 18 U.S.C. § 3553(a). *Cano*, 981 F.3d at 425.

None of the district court's statements demonstrate "express[ ]" or "unmistakable" reliance on retributive factors listed in § 3553(a)(2)(A). *Esteras v. United States*, 606 U.S. 185, 203 (2025). Rather, they establish that the court was frustrated with Moore's pattern of noncompliance with supervised release conditions and sought to deter and sanction Moore for his breach of the court's trust. *See Cano*, 981 F.3d at 426. Further, the district court did not lengthen Moore's prison sentence to promote rehabilitation but rather to avoid imposing another term of supervised release, as requested by defense counsel. *See Tapia v. United States*, 564 U.S. 319, 334-35 (2011). Moore has not shown that the district court plainly erred by relying on impermissible sentencing factors. *See Esteras*, 606 U.S. at 203; *Tapia*, 564 U.S. at 334-35.

The judgment of the district court is AFFIRMED.