# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2023

Lyle W. Cayce
Clerk

No. 22-20567
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Clifton Joseph Goudeau, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-357-1

_____

Before King, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Clifton Joseph Goudeau, Jr., was sentenced above the advisory guidelines range to 18 months of imprisonment, with no further term of supervision, following the revocation of his term of supervised release. He argues that the district court reversibly erred by considering the seriousness of the offense underlying the revocation when imposing the sentence.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20567

For preserved errors, this court applies a "plainly unreasonable" standard to sentences imposed upon revocation of supervised release. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). This standard is "more deferential" than the general standard for reviewing the reasonableness of criminal sentences, and this court has observed that "the Sentencing Commission intended to give district courts substantial latitude in devising revocation sentences." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (internal quotation marks and citation omitted). To prevail in a challenge to the substantive reasonableness of a revocation sentence, the defendant must show that the sentence was not only an abuse of discretion but also that "the error was obvious under existing law." *Id.*

The district court's statements and its citation of the 18 U.S.C. § 3553(a) factors indicate that the primary factors behind the selected sentence were Goudeau's actions in repeatedly committing offenses that he knew would violate his supervised release conditions and the need to protect the public from those acts. Although the district court mentioned the seriousness of the underlying offense, there is no indication that it was a dominant consideration in the selection of the revocation sentence or went beyond the scope of a breach of trust analysis. *See United States v. Cano*, 981 F.3d 422, 426 (5th Cir. 2020); U.S.S.G. Ch.7, Pt.A, (3)(b).

We note that there is a clerical error in the written judgment. The judgment correctly notes that Violation 1 was discharged, but it also incorrectly lists Violation 1 as an additional violation. Accordingly, we remand for correction of the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36.

AFFIRMED; LIMITED REMAND FOR CORRECTION OF CLERICAL ERROR IN THE JUDGMENT.