# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10235
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Trace Moody,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CR-63-1

—————————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Joshua Trace Moody contests the above-Guidelines 48-months' imprisonment sentence imposed subsequent to his guilty plea to escaping from a halfway house, in violation of 18 U.S.C. § 751(a) (prohibiting escape from institution or facility). He maintains the court imposed a substantively-unreasonable sentence.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists (Moody does not claim such error), a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A sentence is substantively unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (citation omitted).

Moody fails to demonstrate any abuse of discretion. *Id.* (discussing abuse-of-discretion standard). The court considered Moody's mitigation contentions and the advisory Guidelines sentencing range and relied on several of the 18 U.S.C. § 3553(a) sentencing factors to impose the 48-month sentence. In doing so, the court concluded: the sentencing range did not reflect the nature of his violent conduct or the seriousness of his criminal history; and an above-Guidelines sentence was warranted to reflect the seriousness of the offense, afford adequate deterrence, and provide public protection. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(C).

Moody's assertion that the court incorrectly relied on factors already accounted for in the sentencing range is meritless. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008) ("The Supreme Court's decision

in *Booker* implicitly rejected the position that no additional weight could be given to factors included in calculating the applicable advisory Guidelines range, since to do otherwise would essentially render the Guidelines mandatory." (footnote omitted)).  He essentially asks our court to reweigh the 18 U.S.C. § 3553(a) sentencing factors and substitute our judgment on appeal, which our court will not do.  *See Gall*, 552 U. S. at 51; *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013) (declining to reweigh the § 3553(a) sentencing factors on substantive-reasonableness review).

Similarly, his assertion a 24-month upward variance was excessive as a matter of law is unavailing because our court has upheld more significant variances.  *E.g.*, *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010) (upholding 216-month sentence where maximum Guidelines sentencing range was 57 months); *United States v. Brantley*, 537 F.3d 347, 348–50 (upholding variance to concurrent terms of 120 months and 180 months from Guidelines sentencing range of 41 to 51 months); *United States v. Jones*, 444 F.3d 430, 433, 441–42 (5th Cir. 2006) (affirming upward variance of 120 months from Guidelines sentencing range of 46 to 57 months).

AFFIRMED.