# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10173
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Petitioner—Appellee*,

*versus*

ALFONSO GARCIA-VELA,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-265-1

_____

Before KING, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Alfonso Garcia-Vela pleaded guilty to illegally reentering the United States after having been previously deported, in violation of 8 U.S.C. § 1326. He was sentenced to 82 months of imprisonment, which the district court stated was the result of an upward departure, pursuant to U.S.S.G. § 4A1.3(a), or, alternatively, an upward variance under 18 U.S.C. § 3553(a).

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10173

On appeal, Garcia contends that his above-guidelines sentence was substantively unreasonable. His appellate argument is perfunctory and conclusory, consisting of a single paragraph in which he complains that the district court erroneously relied on facts surrounding his criminal history which were already accounted for in the guideline calculations and that the upward variance represented a clear error of judgment in balancing the sentencing factors.

Although he acknowledges that his sentence was the result of a guidelines-authorized upward departure or, alternatively, an upward variance, Garcia briefs no argument challenging his sentence as an upward departure under § 4A1.3(a). He has therefore abandoned any such challenge. *See United States v. Still,* 102 F.3d 118, 122 n.7 (5th Cir. 1996); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Even were that not so, and assuming that his perfunctory briefing is sufficient to preserve an appellate substantive reasonableness challenge, *cf.* Fed. R. App. P. 28(a)(8)(A); *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Beasley*, 798 F.2d at 118, Garcia fails to demonstrate any abuse of discretion on the district court's part. *See United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020). His argument to the contrary notwithstanding, the district court was permitted to consider factors already incorporated by the Guidelines—including criminal history—in concluding that an upward variance was appropriate. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Here, the district court cited Garcia's lengthy and violent criminal history which had not been deterred by prior prison terms to conclude that a variance was warranted based on the need to protect the public and provide adequate deterrence, which are appropriate factors under § 3553(a).

No. 23-10173

Garcia's complaint that the district court committed a clear error of judgment in balancing the § 3553(a) factors is no more than a request to have this court reweigh those factors and conclude that a different sentence was appropriate, which this court will not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013). His disagreement with the district court's assessment of the factors and the selected sentence does not show that his sentence is substantively unreasonable. *See United States v. Gutierrez*, 635 F.3d 148, 154 (5th Cir. 2011).

For the first time on appeal, Garcia also challenges the enhancement of his sentence pursuant to § 1326(b). He contends that his sentence exceeds the statutory maximum and is therefore unconstitutional because it was enhanced based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve it for possible Supreme Court review. Garcia is correct that his argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

The district court's judgment is AFFIRMED.