# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 23-30165
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DARRICK COLLINS,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CR-48-1

―――――――――――――――――――――――

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Darrick Collins contests an above-Guidelines 74-months' imprisonment, imposed subsequent to his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He claims procedural error and a substantively unreasonable sentence.

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30165

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The claimed procedural error is that the court improperly relied on an unsupported factual assumption: he possessed a firearm while outside his ex-girlfriend's house. Assuming Collins preserved this contention, it fails because he does not succeed under the above-described clear-error standard of review. "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Alfaro*, 30 F.4th 514, 518 (5th Cir. 2022) (citation omitted). Stated differently, to qualify as clearly erroneous, the district court's finding "must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish". *United States v. Hernandez*, 48 F.4th 367, 373 (5th Cir. 2022) (alteration in original) (citation omitted).

The court did not clearly err in finding Collins had the firearm with him outside his ex-girlfriend's house. First, it is plausible Collins had the firearm and fired it at his ex-girlfriend's house, based on his prison telephone call. Second, the presentence investigation report noted Collins knocked and banged on the doors and windows of his ex-girlfriend's house, threatening to kill her. It is plausible he had the means to do so. Third, officers observed Collins exit his vehicle carrying a firearm at his apartment complex after leaving that house.

Collins' substantive-reasonableness challenge is, as described above, reviewed for abuse of discretion. He contends: the court relied on the unsupported assumption he possessed the firearm when he went to his ex-girlfriend's house; its reasons for the upward variance were already accounted for in the Guidelines; and it improperly weighed the sentencing factors.

When reviewing substantive reasonableness, our court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range". *United States v. Churchwell*, 807 F.3d 107, 123 (5th Cir. 2015). We, however, "must give due deference to the district court's decision that the [18 U.S.C. §] 3553(a) [sentencing] factors, as a whole, justify the extent of the variance". *Id.* A sentence is substantively unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (citation omitted).

Collins' assertion the court erred in finding he possessed the firearm when he was at his girlfriend's house fails, as discussed *supra*. Re-stated, the court properly took that factor into account under 18 U.S.C. § 3553(a)(1) (requiring sentencing courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant").

Collins' assertion the court incorrectly relied on factors already accounted for in the sentencing range is meritless. *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008) ("The Supreme Court's decision in *Booker* implicitly rejected the position that no additional weight could be given to factors included in calculating the applicable advisory Guidelines range, since to do otherwise would essentially render the Guidelines mandatory." (footnote omitted)).

No. 23-30165

Finally, concerning the claim the court improperly weighed the 18 U.S.C. § 3553(a) sentencing factors, and as the court noted, Collins' criminal history includes convictions for disturbing the peace by fistic encounter, carrying a concealed weapon as a convicted felon, and attempted second degree murder. In this case, Collins threatened to kill his ex-girlfriend and then, following his arrest, he attempted to, or did, call her approximately 85 times.

These are all permissible factors for consideration under 18 U.S.C. § 3553(a). He essentially asks our court to "reweigh the [Guidelines] sentencing factors and substitute our judgment for that of the district court, which we will not do". *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

AFFIRMED.