# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2024

Lyle W. Cayce
Clerk

No. 24-60195
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEREMY MICHAEL BAKER,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-138-1

_____

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Jeremy Baker appeals the 24-month sentence he received following the revocation of his supervised release. He contends that the above-guidelines, statutory maximum sentence was substantively unreasonable. More specifically, he asserts that the district court erred in basing his sentence on an impermissible factor, the seriousness of the criminal offense

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

underlying his supervised-release violations.

Baker's assertions to the contrary notwithstanding, because he objected only generally to substantive unreasonableness and did not assert that the court had relied on an impermissible factor, review is for plain error only. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); *see also United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). To prevail under the plain-error standard, Baker must show a clear or obvious error that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

When imposing revocation sentences, district courts may not consider the factors in 18 U.S.C. § 3553(a)(2)(A), including the need for the sentence to reflect the seriousness of the offense. 18 U.S.C. § 3583(e); *United States v. Sanchez*, 900 F.3d 678, 683–84 (5th Cir. 2018). A court's consideration of an improper factor, however, does not automatically require reversal. *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). Rather, "a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *Id.* Moreover, it is permissible for the revocation sentence to take into account the defendant's "propensity to commit future crimes and/or threaten public safety." *Sanchez*, 900 F.3d at 685.

The district court's reference to the seriousness of Baker's underlying offense was part of the basis for its determination that he presented a future harm to the public, particularly its most vulnerable members, underage children, so future dangerousness was an appropriate consideration. *See Sanchez*, 900 F.3d at 685; 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(2)(C). Taken

in context, the district court's comments show that any reliance on the seriousness of the violation was not a dominant factor but was, at most, secondary to or an additional justification for the sentence, which was primarily based on the appropriate factors of deterrence and public protection. *See* 18 U.S.C. § 3553(a)(2)(B)–(C); *see also Sanchez*, 900 F.3d at 684–85 & n.5.

Further, even if we were to assume that the district court's statements amounted to clear or obvious error, and additionally assume that the error affected Baker's substantial rights, Baker has not met the required showing under the fourth prong of plain-error review. *See Puckett*, 556 U.S. at 135; *Rivera*, 784 F.3d at 1018–19.

AFFIRMED.