# United States Court of Appeals for the Fifth Circuit

---

No. 23-50930
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUCAS RAMOS-DA SILVA,

*Defendant—Appellant*,

CONSOLIDATED WITH

---

Nos. 23-50932, 23-50933

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUCAS DASILVA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas

USDC Nos. 2:21-CR-1964-1,
2:22-CR-234-1, 2:22-CR-235-1

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

In this consolidated appeal, defendant-appellant Lucas Ramos-Da Silva challenges the substantive reasonableness of his 30-month, above-guidelines range sentence for illegal reentry into the United States as well as the 10-month, within-policy statement range sentences he received on the revocation of his supervised release in two other cases. The district court ordered the revocation sentences to run consecutively to each other and to the illegal reentry sentence. Ramos-Da Silva also challenges, for the first time on appeal, the adequacy of the district court's explanation of his illegal reentry sentence. We affirm.

Because Ramos-Da Silva preserved his challenges to the substantive reasonableness of his sentence in each case, we review the sentences for abuse of discretion. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011); *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010); *see Holguin-Hernandez v. United States*, 589 U.S. 169, 173-75 (2020). As to both his above-guidelines range sentence for illegal reentry and his within-policy statement range revocation sentences, Ramos-Da Silva must show that (1) the sentences failed to "account for a factor that should have received significant weight, (2) g[ave] significant weight to an irrelevant or improper factor, or (3) represent[ed] a clear error of judgment in balancing the sentencing factors." *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (revocation appeal); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006) (direct appeal). For

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the revocation sentences, he must also show that sentencing error was obvious under existing law. *See Miller*, 634 F.3d at 843.

With respect to his illegal reentry sentence, he contends that the district court gave inordinate weight to his criminal history, specifically his drug-related convictions in the revocation cases, and failed to account for the abuse he suffered as a child and his subsequent struggles with substance abuse, mental health, and chronic medical conditions, as well as fear for his life should he be returned to Brazil. However, Ramos-Da Silva's criminal history was a relevant and proper sentencing consideration. *See United States v. Minor*, 121 F.4th 1085, 1092–93 (5th Cir. 2024). In addition, his particular criminal history supported an above-guidelines range sentence. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Ramos-Da Silva fails to show an abuse of discretion. *See Smith*, 440 F.3d at 708.

With respect to his revocation sentences, Ramos-Da Silva does not show that the court failed to give sufficient weight to his personal history and characteristics or that it clearly erred in balancing the applicable § 3553(a) factors. *See Cano*, 981 F.3d at 427. In light of the whole record, Ramos-Da Silva fails to rebut the presumption that his revocation sentences, which were within the policy statement ranges, are substantively reasonable. *See Miller*, 634 F.3d at 843–44; *United States v. Badgett*, 957 F.3d 536, 541 (5th Cir. 2020).

Finally, as part of his substantive-reasonableness argument, Ramos-Da Silva contends that the district court's explanation for its illegal reentry sentence did not suffice to support the nine-month upward variance that the court imposed. We review his unpreserved challenge to the adequacy of the district court's sentencing explanation for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Ramos-Da Silva fails to show error, let alone plain error. The district court stated that it had considered the parties' arguments as well as the presentence report, which documented Ramos-Da Silva's lengthy criminal history. The court also heard Ramos-Da Silva's argument for a sentence within the guidelines range. The district court determined that, in light of the § 3553(a) factors, a sentence within the guidelines range would be insufficient. The court's explanation set forth enough to demonstrate that it considered the parties' arguments and had a reasoned basis for imposing an above-guidelines range sentence. *See Rita v. United States*, 551 U.S. 338, 357 (2007).

AFFIRMED.