# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2025

Lyle W. Cayce
Clerk

———————————

No. 23-50128

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Hector Flores, Jr.,

*Defendant—Appellant*.

————————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-108-1

————————————————————————————

Before Stewart and Richman, *Circuit Judges*, and Scholer, *District Judge*.[*]

Priscilla Richman, *Circuit Judge*:

Hector Flores, Jr., was sentenced to five years of probation under the Assimilative Crimes Act[1] (ACA) for child endangerment in violation of Texas Penal Code § 22.041—a state jail felony punishable by up to two years

———————————

[*] United States District Judge for the Northern District of Texas, sitting by designation.

[1] 18 U.S.C. § 13.

of imprisonment.[2]   After Flores violated his probation terms, the district court revoked Flores's probation and resentenced him to two years of imprisonment followed by one year of supervised release.  On appeal, Flores contends that the additional one-year term of supervised release is unlawful because it exceeds the maximum sentence authorized by Texas law.  We affirm.

## I

On February 15, 2022, Flores was arrested for endangering his child in violation of Texas Penal Code § 22.041.  The offense occurred on federal property—Big Bend National Park—when Flores placed his daughter in "imminent danger of death, bodily injury, or physical or mental impairment."[3]   While traveling through the national park, Flores and his daughter ran out of food, and his daughter later told park rangers she went four days without eating.  Despite multiple opportunities to seek assistance,[4] Flores continued on his journey in temperatures as low as 20 degrees Fahrenheit.  Because the offense occurred on a federal enclave, Flores was charged in federal court under the ACA, which incorporates the local criminal laws of the state in which the federal enclave is situated.[5]

Following a jury trial, Flores was convicted and sentenced to five years of probation.  Shortly after his probation commenced, the United States Probation Office filed a petition to revoke Flores's sentence because he

---

[2] Tex. Penal Code § 22.041(c), (f); *see also id.* § 12.35(a).

[3] *Id.* § 22.041(c).

[4] Flores encountered hikers, kayakers, and police helicopters while traveling through the national park.

[5] *See* 18 U.S.C. § 13(a).

tested positive for cocaine. At the revocation hearing, Flores pleaded true to possessing a controlled substance and using a controlled substance.

Based on a Grade B violation and a criminal history category of I, Flores's policy statement range for violating his probation was four to ten months of imprisonment.[6] The district court, however, upwardly departed from this range because of the "very quick noncompliance with the terms of supervision." The district court revoked Flores's probation and resentenced him to twenty-four months of imprisonment—the state law maximum for child endangerment[7]—followed by a one-year term of supervised release. Flores timely appealed.[8]

## II

Under the ACA an individual who violates a state law on a federal enclave is "guilty of a like offense and subject to a like punishment."[9] The ACA ensures conformity between the laws applicable in federal enclaves, such as national parks, and the local laws in which the federal enclave is situated.[10] The question in this case pertains to the meaning and scope of the phrase "like punishment" in the ACA.

The assimilated Texas statute under which Flores was convicted considers child endangerment a state jail felony punishable by up to two years

---

[6] U.S. Sent'g Guidelines Manual § 7B1.4 (U.S. Sent'g Comm'n 2022).

[7] Tex. Penal Code §§ 12.35(a), 22.041(c), (f).

[8] *See* Fed. R. App. P. 4(b)(1)(A)(i).

[9] 18 U.S.C. § 13(a).

[10] *See United States v. Sharpnack*, 355 U.S. 286, 293 (1958) ("The basic legislative decision made by Congress is its decision to conform the laws in the enclaves to the local laws as to all offenses not punishable by any enactment of Congress.").

of imprisonment.[11]   The Texas law does not contemplate a period of supervised release following the prison sentence but instead provides for parole.[12]   Flores contends that the additional one-year term of supervised release imposed by the district court is unlawful because it exceeds the maximum sentence authorized by Texas law.  He argues that if he had been sentenced in state court, the maximum punishment he could have received for child endangerment, after his probation was revoked, was a two-year term of imprisonment.  Because Flores asserts that his sentence exceeds the statutory maximum, we review the issue de novo.[13]

In 1909, Congress amended the ACA to no longer require that a defendant receive "the same punishment" as he would in state court.[14] Instead, the amended provision requires the district court to impose "a like punishment."[15]   For this reason, our court has interpreted the current version of the ACA to "impl[y] similarity, not identity."[16]   A defendant convicted under the ACA must receive a punishment "like" or "*similar* to that under state law."[17]

---

[11] *See* TEX. PENAL CODE §§ 12.35(a), 22.041(c), (f).

[12] *See* TEX. GOV'T CODE § 508.145.

[13] *See United States v. Martinez*, 274 F.3d 897, 905 (5th Cir. 2001) ("We review a challenge to the application of the sentencing guidelines under the ACA de novo." (italics omitted)); *see also United States v. Oswalt*, 771 F.3d 849, 850 (5th Cir. 2014) ("When a defendant argues that his sentence exceeds the statutory maximum, we review the issue de novo, regardless of whether the defendant properly preserved the objection to his sentence.").

[14] *See United States v. Davis*, 845 F.2d 94, 99 & n.3 (5th Cir. 1988) (citing *United States v. Robertson*, 638 F. Supp. 1202 (E.D. Va. 1986)).

[15] *See* 18 U.S.C. § 13(a).

[16] *United States v. Marmolejo*, 915 F.2d 981, 984 (5th Cir. 1990).

[17] *United States v. Teran*, 98 F.3d 831, 835 (5th Cir. 1996).

Whether a defendant is subject to a like punishment is determined "by the particular facts of each case when considered in light of federal policy concerns."[18] While "[f]ederal courts of appeals unanimously agree that state sentencing ranges should set the minimum and maximum length for federal prison sentences" imposed under the ACA,[19] we also have recognized that sentencing judges are "to be guided by the federal sentencing guidelines."[20] This "avoids the creation of two classes of federal prisoners: those sentenced under the federal [g]uidelines and those sentenced under state procedures through the ACA."[21] Our case law underscores this point.

In *United States v. Marmolejo*,[22] the defendant pleaded guilty to cashing bad checks on a federal enclave and was sentenced to six months of imprisonment followed by a one-year term of supervised release.[23] The incorporated state law, however, did not provide for supervised release; instead, it allowed for noncustodial supervision in the form of parole.[24] The defendant therefore asserted that his sentence was not a "like punishment" under the ACA.[25] Our court disagreed. We concluded "that the similarities between parole and supervised release [were] greater than the differences."[26] We held that "when the applicable state law provides for parole, a sentence

---

[18] *Davis*, 845 F.2d at 99.

[19] *United States v. Martinez*, 274 F.3d 897, 906 (5th Cir. 2001).

[20] *Teran*, 98 F.3d at 834.

[21] *Marmolejo*, 915 F.2d at 984.

[22] 915 F.2d 981 (5th Cir. 1990).

[23] *Id.* at 981, 984.

[24] *Id.* at 984.

[25] *See id.*

[26] *Id.* at 985.

of imprisonment plus supervised release is 'like punishment' when the period of imprisonment plus the period of supervised release does not exceed the maximum sentence allowable under state law."[27]

Predicting the question now presented, the *Marmolejo* court left open whether a term of supervised release can *exceed* the maximum prison sentence allowed under state law.[28] The court noted that a future case may hold such punishment to be "a harsher sentence than the state law allows" and not a "like punishment" under the ACA.[29] We conclude that the inclusion of a term of supervised release after the term of imprisonment following revocation of supervised release was permissible in the present case.

When a federal defendant violates a condition of probation, the district court may "revoke the sentence of probation and resentence the defendant."[30] In determining the appropriate sentence, the district court must consider the factors set forth in 18 U.S.C. § 3553(a), which include the consideration of the "applicable guidelines or policy statements issued by the Sentencing Commission."[31] Those policies support the imposition of supervised release to "assist individuals in their transition to community life" and to "fulfill[] rehabilitative ends, distinct from those served by incarceration."[32]

---

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] 18 U.S.C. § 3565(a). Federal law *requires* revocation of probation when, as here, the defendant possesses a controlled substance. *See id.* § 3565(b).

[31] *Id.* § 3553(a)(4).

[32] *See United States v. Johnson*, 529 U.S. 53, 59 (2000).

No. 23-50128

Flores contends that this federal sentencing policy does not apply to his sentence. He maintains that the district court cannot impose the additional one-year term of supervised release because two years is the maximum punishment he can receive under Texas law.

Our court has routinely recognized that supervised release does not prevent district courts from imposing the maximum punishment of imprisonment.[33] For example, in *United States v. Butler*,[34] a federal defendant argued that the district court could not order supervised release when it imposed the statutory maximum period of confinement.[35] Similar to Flores, the defendant asserted that it would result in a sentence greater than that authorized by statute.[36] Our court rejected the argument.[37] We concluded that "[t]he addition of a period of supervised release to a maximum jail sentence does not extend a party's imprisonment; therefore, it cannot create a violation of the maximum prison sentence allowed by statute."[38]

In the case before us, Flores has been sentenced to imprisonment for two years, which is the maximum term of imprisonment under Texas law. Flores does not challenge this aspect of his sentence. He objects only to supervised release following his imprisonment. However, supervised release is not imprisonment. We need not decide whether the district court could

---

[33] *See, e.g.*, *United States v. Butler*, 895 F.2d 1016, 1018 (5th Cir. 1989); *United States v. Chatman*, No. 98-10388, 1999 WL 423049, at *1 (5th Cir. June 2, 1999) (per curiam) (unpublished).

[34] 895 F.2d 1016 (5th Cir. 1989).

[35] *Id*. at 1017.

[36] *Id*. at 1017-18.

[37] *Id*.

[38] *Id*. at 1018.

impose an additional term of imprisonment were Flores to again violate the terms of supervised release. Assuming there is no future violation, Flores will serve a maximum of two years of imprisonment.

Sentencing judges may impose a period of supervised release following a term of imprisonment even when the court has imposed the maximum prison sentence authorized by state law. If a federal court could not impose supervised release in these circumstances, the court would be unable to effectuate Congress's intent to assist individuals in their transition to community life.[39]

Accordingly, we join four circuits that have addressed this issue.[40] The ACA does not preclude a combined term of imprisonment and supervised release from exceeding the maximum term of incarceration permitted under state law.

### III

Flores cites the Supreme Court's plurality decision in *United States v. Haymond*,[41] contending that because Texas has not authorized punishment beyond two years for his crime, "[t]o import the federal supervised-release regime using the Assimilat[ive] Crimes Act is to divest the people of Texas 'of their constitutional authority to set the metes and bounds of judicially administered criminal punishments.'"[42] First and foremost, the people of Texas do not have a constitutional right to set criminal punishments for

---

[39] *See United States v. Johnson*, 529 U.S. 53, 59 (2000).

[40] *See United States v. Rapal*, 146 F.3d 661, 665 (9th Cir. 1998); *United States v. Engelhorn*, 122 F.3d 508, 512 (8th Cir. 1997); *United States v. Burke*, 113 F.3d 211, 211 (11th Cir. 1997) (per curiam); *United States v. Pierce*, 75 F.3d 173, 177-78 (4th Cir. 1996).

[41] 139 S. Ct. 2369 (2019) (plurality opinion).

[42] Flores Br. at 15 (quoting *Haymond*, 139 S. Ct. at 2378-79).

federal crimes. Flores does not make any argument in his brief that his Sixth Amendment rights have been violated. This case is purely one of statutory construction. The issue is whether including a one-year term of supervised release to follow Flores's two-year term of imprisonment, imposed after he violated the conditions of his original supervised release, is permissible under the ACA.

Even could we construe Flores's brief to argue that the one-year period of supervised release imposed by the district court that is at issue here violated Flores's Sixth Amendment right to a trial, that claim would fail. The *Haymond* case did not involve the ACA. It involved the constitutionality of 18 U.S.C. § 3583(k),[43] which provided for a minimum five-year prison sentence if a defendant committed an enumerated offense while on supervised release. The plurality opinion explained that under this statute, when a judge found

> by a preponderance of the evidence that a defendant on supervised release committed one of several enumerated offenses, including the possession of child pornography, the judge *must* impose an additional prison term of at least five years and up to life without regard to the length of the prison term authorized for the defendant's initial crime of conviction.[44]

In concluding § 3583(k) violated a defendant's Sixth Amendment right to trial by a jury, the plurality opinion in *Haymond* said that this provision "also divested the 'people at large'—the men and women who make up a jury of a

---

[43] *See, e.g., Haymond*, 139 S. Ct. at 2384-85.

[44] *Id.* at 2374.

defendant's peers—of their constitutional authority to set the metes and bounds of judicially administered criminal punishments."[45]

The plurality decision in *Haymond* does not, however, control this case. JUSTICE BREYER's concurring opinion does. That opinion agreed that § 3583(k) was unconstitutional—but upon much narrower grounds than the plurality opinion.[46] JUSTICE BREYER's opinion stated: "I would not transplant the *Apprendi*[47] line of cases to the supervised-release context."[48] JUSTICE BREYER reasoned that "[a]s 18 U.S.C. § 3583 makes clear, Congress did not intend the system of supervised release to differ from parole in this respect."[49] He observed that "the consequences for violation of conditions of supervised release under § 3583(e), which governs most revocations, are limited by the severity of the original crime of conviction, not the conduct that results in revocation," citing § 3583(e)(3).[50] By contrast, he explained, three aspects of § 3583(k) led him "to think it is less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach."[51] Those three aspects were that § 3583(k) (1) "applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute," (2) "takes away the

---

[45] *Id*. at 2378-79 (quoting *Blakely v. Washington*, 542 U.S. 296, 306 (2004)).

[46] *See, e.g.*, *Marks v. United States*, 430 U.S. 188, 193-94 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." (internal quotation omitted)).

[47] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[48] *Haymond*, 139 S. Ct. at 2385 (BREYER, J., concurring).

[49] *Id*.

[50] *Id*. at 2386.

[51] *Id*.

judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long," and (3) "limits the judge's discretion . . . by imposing a mandatory minimum term of imprisonment of 'not less than 5 years' upon a judge's finding that a defendant has 'commit[ted] any' listed 'criminal offense.'"[52]

None of those are attributes of § 3583(e)(3), pursuant to which the district court was authorized to revoke Flores's term of supervised release (probation). A district court has broad discretion under § 3583(e) when a defendant violates conditions of supervised release, and there are no mandatory minimum sentences imposed by that subsection. We reject Flores's contentions regarding the *Haymond* decision.

\* \* \*

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.

---

[52] *Id*. (quoting 18 U.S.C. § 3583(k)).