# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2026

Lyle W. Cayce
Clerk

———————

No. 24-50768

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Keisha Lyn Swarner,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-221-1

———————————————————

Before Southwick, Higginson, and Douglas, *Circuit Judges*.

Dana M. Douglas, *Circuit Judge*:

Appellant Keisha Lyn Swarner was convicted of violating Texas Penal Code § 43.25, assimilated into a federal offense under the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13. Because the district court impermissibly sentenced Swarner to supervised release under the inapplicable 18 U.S.C. § 3583(k), twenty-five years above the statutory maximum in § 3583(b), we VACATE Swarner's supervised release sentence and remand for resentencing within the proper statutory maximum.

No. 24-50768

I

In April 2022, a concerned mother reported Keisha Lyn Swarner to Joint Base San Antonio Lackland Security Forces. The mother alleged that Swarner was sending explicit text messages to her thirteen-year-old son ("CV1") on a cell phone Swarner provided to him. Swarner's twelve-year-old daughter ("CV2") was CV1's girlfriend. A subsequent investigation revealed that Swarner facilitated clandestine meetings between the children at her residence, sent multiple explicit text messages to CV1 instructing him to engage in specific sexual acts with CV2, and solicited the children to exchange sexually explicit images with each other.

On December 21, 2023, Swarner pleaded guilty to Sexual Performance by a Child under 18 U.S.C. § 13, the Assimilative Crimes Act ("ACA"), assimilating Texas Penal Code § 43.25. Although Swarner was also charged with federal sex offenses in the original and multiple superseding indictments under 18 U.S.C. §§ 2252A(a)(2), 18 U.S.C. § 2251(a), and 18 U.S.C. § 2422(b), the Government agreed to dismiss all other remaining charges against Swarner in exchange for her plea to the ACA offense.

The Presentence Report ("PSR") classified Swarner's offense as a Class A felony assimilating the Texas Penal Code because of the state law statutory maximum term of imprisonment.[1] The PSR expressly identifies 18

---

[1] Under 18 U.S.C. § 3559(a), offenses that are not classified with a letter grade by statute are classified via the maximum term of imprisonment. Therefore, ACA offenses with a maximum term of imprisonment of life are classified as a Class A felony, and offenses with a maximum of twenty-five years or more are classified as a Class B felony. The Texas charge is a first-degree felony punishable by a minimum of five years and a maximum of ninety-nine years imprisonment or life. TEX. PENAL CODE § 12.32. Swarner argues that the Texas charge should be classified as a Class B felony under federal law. 18 U.S.C. § 3559(a)(2). However, this argument is irrelevant to a supervised release analysis because the federal statute classifies Class A and Class B felonies under the same category with the same supervised release maximum of five years. 18 U.S.C. § 3583(b)(1).

2

No. 24-50768

U.S.C. § 3583(k) as the relevant statutory supervised release provision for Swarner's offense. Therefore, the PSR stated that the statutory requirement and ensuing guideline provision, was a minimum of five years and maximum of life for supervised release. The district court sentenced Swarner to 325 months of imprisonment in a medical facility and thirty years of supervised release.

Swarner appeals this sentence, arguing that the statutory maximum supervised release term under 18 U.S.C. § 3583(b) is five years, rather than a minimum of five years and maximum of life under § 3583(k). The Government argues that the total sentence is within the Texas law statutory maximum and that the district court was permitted to apply § 3583(k) to determine the statutory minimum and maximum supervised release term because Swarner's most analogous federal offense fell into the subsection's list of excepted crimes.

## II

This case is an appeal from a criminal judgment entered on September 23, 2024. Swarner filed a timely appeal on September 26, 2024. Fed. R. App. P. 4(b)(1)(A)(i). Our court has jurisdiction over the appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We review whether a supervised release term imposed by the district court is an illegal sentence that exceeds the statutory maximum de novo. *United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008). This applies regardless of whether the defendant properly preserved the objection. *United States v. Oswalt*, 771 F.3d 849, 850 (5th Cir. 2014). Claims that a sentence exceeds the statutory maximum are not barred by a waiver of appeal. *United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019).

No. 24-50768

III

On appeal, Swarner argues that the PSR and the district court erred in applying subsection (k) of 18 U.S.C. § 3583 to determine the statutory minimum and maximum for her offense because subsection (k) applies only to the enumerated list of federal sex offenses; therefore, Swarner argues the offense instead falls under the general supervised release provision in subsection (b).    The Government counters that the total sentence nevertheless falls within the Texas statutory maximum and the district court's supervised release term appropriately used the most analogous federal offense.

A

Swarner was convicted under the Assimilative Crimes Act, codified in 18 U.S.C. § 13.  The ACA incorporates state law crimes into federal crimes when the defendant commits "non-federal crimes" on a federal enclave, *United States v. Martinez*, 274 F.3d 897, 904 (5th Cir. 2001); a defendant convicted under the ACA is therefore "guilty of a like offense and subject to a like punishment."  18 U.S.C. § 13.  "The ACA applies state law to a defendant's acts or omissions that are 'not made punishable by *any enactment of Congress*.'" *Lewis v. United States*, 523 U.S. 155, 159 (1998) (emphasis in original) (quoting 18 U.S.C. § 13).  This serves to fill in the gaps in federal criminal law by using the penal law of the local state where an offense is committed. *United States v. Hopkins*, 901 F.3d 518, 520 (5th Cir. 2018).

Federal courts unanimously agree that state law sets the statutory minimum and maximum length for federal prison sentences under the ACA. *United States v. Flores*, 130 F.4th 465, 468 (5th Cir. 2025).  However, under 18 U.S.C. § 3551, federal sentencing law explicitly applies to sentence defendants charged under the ACA within their state law statutory range: "[e]xcept as otherwise specifically provided, a defendant who has been found

4

guilty of an offense described in any Federal statute, including [the ACA] . . . shall be sentenced in accordance with the provisions of this chapter." *See also United States v. Marmolejo*, 915 F.2d 981, 984 (5th Cir. 1990) ("The ACA specifically provides that state law fixes the range of punishment, but the Sentencing Guidelines determine the actual sentence within that range.").[2] As a result, courts avoid the creation of "two classes of federal prisoners: those sentenced under the federal guidelines and those sentenced under state procedures through the ACA." *Flores*, 130 F.4th at 468 (quoting *Marmolejo*, 915 F.2d at 984).

Therefore, in order to determine the sentence length for a conviction under the ACA that is within the state law statutory minimum and maximum, a district court follows the Guidelines and applies the guideline for the most analogous federal offense. U.S.S.G. § 2X5.1; *see also United States v. Calbat*, 266 F.3d 358, 362 (5th Cir. 2001) ("If there is no guideline for a particular offense, including an ACA offense, the court is to use 'the most analogous offense guideline.'" (quoting U.S.S.G. § 2X5.1)). In Swarner's case, the PSR determined that the most analogous offense was 18 U.S.C. § 2242, sexual abuse. Swarner's resulting total offense level was 41; with her criminal history level of I, her guideline imprisonment ranged from 324 months to 405 months.

Under 18 U.S.C. § 3583(a), district courts may impose a term of supervised release after imprisonment. However, the authorized terms of supervised release are limited to statutory maximums under subsection (b):

---

[2] Since *Marmolejo*, Congress has explicitly amended § 3551 to apply the entire federal sentencing regime to assimilated crimes in a bill introduced the day after *Marmolejo* was decided. S. 3266, 101st Cong. § 1602 (1990) (as introduced in Senate, Oct. 27, 1990). Under this new amendment, it is even more clear that the federal sentencing regime in its entirety applies to ACA offenses.

No. 24-50768

**(b) Authorized Terms of Supervised Release**.—Except as otherwise provided, the authorized terms of supervised release are—

(1) for a Class A or Class B felony, not more than five years;

(2) for a Class C or Class D felony, not more than three years; and

(3) for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year.

18 U.S.C. § 3583(b).  In determining the length of supervised release, and whether to include a term of supervised release, the court can consider a list of most of the 18 U.S.C. § 3553(a) factors.[3]  For certain terrorism, drug trafficking, and sex offenses, however, there are different statutory minimums and maximums for the relevant offenses.  The excepted sex offenses are enumerated under subsection (k):

**(k)** Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 1594(c), 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life.

18 U.S.C. § 3583(k).[4]  The Federal Sentencing Guidelines similarly limit the term of supervised release for federal offenses to the statutory minimum and maximum determined by 18 U.S.C. § 3583.[5]  U.S.S.G. § 5D1.2.  Swarner's

---

[3] There are two § 3553(a) factors not included in the list: the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment for the offense; and the kinds of sentences available.  18 U.S.C. § 3583(c).

[4] Congress first added the enhancement in 2003 through the PROTECT Act to increase the length of supervised release for federal sex offenders.  H.R. Rep. No. 108-66, at 3, 49–50 (2003); *see also United States v. Armendariz*, 451 F.3d 352, 361 (5th Cir. 2006).

[5] The Guidelines commentary for supervised release also recognizes the exception under subsection (k): "Congress has authorized a term of supervised release that exceeds the maximum terms described in subsection (a) [of U.S.S.G. § 5D1.2] for certain serious

No. 24-50768

PSR does not explain why, but it identifies 18 U.S.C. § 3583(k) as the statutory basis for a supervised release term of five years to life.

B

Appellee argues that because Swarner's total sentence, 325 months of imprisonment and thirty years of supervised release, falls within the Texas statutory maximum punishment under § 43.25, the supervised release sentence is therefore a permissible "like sentence" under the ACA.

Swarner's assimilated Texas charge, Sexual Performance by a Child, is a first-degree felony when the victim is under the age of fourteen and therefore punished by imprisonment "for life or for any term of not more than 99 years or less than 5 years." TEX. PENAL CODE § 12.32, 43.25(c). Although Texas law does not provide for supervised release, our court has determined that because Texas law allows for parole, supervised release and parole are sufficiently similar such that a sentence of imprisonment plus supervised release is "like" punishment under the ACA when it does not exceed the maximum state law sentence. *Marmolejo*, 915 F.2d at 984–85. Our court further held in *United States v. Flores* that even when the combined term of imprisonment and supervised release exceeds the maximum prison sentence allowed under state law, the sentence is still permissible because the ACA does not preclude courts from imposing supervised release to effectuate federal policy goals and "supervised release is not imprisonment." 130 F.4th at 469–70.

---

offenses. *See* 18 U.S.C. §§ 3583(j), (k). For certain terrorism offenses, the authorized term of supervised release is any term of years or life. 18 U.S.C. § 3583(j). For certain sex offenses, the authorized term of supervised release is any term of years not less than five, or up to life. 18 U.S.C. § 3583(k)." U.S. SENT'G GUIDELINES MANUAL § 5D1.2 cmt. n.2 (U.S. SENT'G COMM'N 2025).

No. 24-50768

*Marmolejo* and *Flores* are important context for our court's approach to supervised release under the ACA. While the Government correctly argues that these cases clearly establish that a supervised release term of thirty years is in itself permissible regardless of whether it would cause the total sentence to exceed the state law statutory maximum, this background demonstrates that district courts sentence ACA defendants to supervised release under the federal sentencing policy of § 3583, regardless of the state law maximum. Appellant brings before us a different issue of first impression: *which* subsection within the federal supervised release statute provides the statutory minimum and maximum term for crimes under the ACA, if the assimilated crime can also be considered analogous to the federal sex offenses enumerated in § 3583(k).

## C

While the Government's interpretation of the federal supervised release statute would require this court to broaden a clearly delineated list of offenses beyond itself, we hold that ACA offenses, because they are not specifically listed under subsection (k), are subject to the general provision for all other federal offenses in subsection (b).

The authorized terms of supervised release under § 3583(b) apply to federal felonies or misdemeanors "except as otherwise provided," and the maximum term of supervised release across all categories under the subsection is five years. Subsection (k) adds an enhancement for a specific list of federal sex offenses; it creates a minimum of five years for these offenses and extends the maximum to thirty years. *See United States v. Allison*, 447 F.3d 402, 405 (5th Cir. 2006) ("With sex offenders, Congress determined they needed additional supervision as they make the transition back to community life. To this end, § 3583(b) is amended by § 3583(k), which provides that the maximum term of supervised release for various sex offenses, including violations of § 2252A, is life.").

8

No. 24-50768

Subsection (k) must be limited to the enumerated offenses within it because subsection (k) imposes a mandatory minimum and a specific statutory maximum for those offenses. "[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004). Congress has been clear when authorizing supervised release maximums outside of subsection (b). *See* 18 U.S.C. § 3583(j); 21 U.S.C. § 841.[6] If Congress had intended to apply the unambiguous subsection (k) to ACA crimes, it could have done so in either statute, but it did not.

Additionally, to nevertheless apply a higher statutory mandatory minimum and maximum to Swarner because her most analogous federal crime is mentioned in subsection (k) would result in sentencing Swarner by statutory default for a crime she has never been found guilty of.[7] This is notably distinguishable from our court's precedent in *United States v. Armendariz*, where the defendant was sentenced according to the enhanced statutory maximum under subsection (k) because the defendant *pleaded guilty* to violating 18 U.S.C. § 2422(b) based on committing acts that would

---

[6] Under the Controlled Substances Act, Congress clearly and unambiguously created exceptions to the federal supervised release regime in 18 U.S.C. § 3583: "Notwithstanding section 3583 of title 18, any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(A)(viii).

[7] It is also significant that Swarner was previously charged with some of the federal sex offenses that would have fallen into subsection (k), but those charges were dismissed once she pleaded guilty to the offense under the ACA. The Government also conceded at oral argument that even Swarner's most analogous offense, 18 U.S.C. § 2242, has "some differences" and is "not identical" to the ACA offense Swarner pled guilty to. The consequence of this is clear: Swarner has never been found guilty of any of the offenses listed in subsection (k).

No. 24-50768

constitute an Aggravated Sexual Assault crime under Texas Penal Code § 22.021. 451 F.3d 352 (5th Cir. 2006).[8] By applying subsection (k) to Swarner, the district court essentially revived Swarner's dropped federal charges for the purpose of raising the statutory maximum supervised release term for her offense by at least twenty-five years.

The Government's arguments essentially present two separate paths to apply subsection (k) to Swarner, both of which run afoul of other precedent, the unambiguous text, and common sense. On one hand we could look to the text alone of subsection (k) and, finding ambiguity, expand the list of crimes to include any analogous crimes. But it is then unclear where that expansion ends when broadly including "analogous offenses." One could argue under such a precedent that there are other analogous federal offenses missing from the list that should apply. This argument has been explicitly rejected by another federal circuit—as it should be.[9] On the other hand, the

---

[8] *Armendariz* makes it clear what the prosecutor in Swarner's case could have done to bind Swarner to a five-year statutory minimum and a significantly higher statutory maximum for supervised release: prosecute her for a federal offense on the list in subsection (k). That did not happen here—Swarner was charged with two counts under the same statute, 18 U.S.C. § 2422(b), through Texas Penal Code § 21.11 and § 22.011(a)(2) in the first superseding indictment. However, these charges were dropped in the second superseding indictment and the remaining charges were dismissed when she pleaded guilty to the ACA offense.

[9] The Eleventh Circuit has declined to expand § 3583(k) to another federal sex offense that was not listed in the subsection:

> Initially, we note that 18 U.S.C. § 3583(k) authorized the imposition of a lifelong term of supervised release only as to Counts One and Two. *See* 18 U.S.C. §§ 2252A, 3583(k). Although a guilty plea to violations of 18 U.S.C. § 1466A(a) subjects the offender to "the penalties provided in section 2252A(b)(1)," a lifelong term of supervised release is not a penalty provided *in* § 2252A(b)(1). *See* 18 U.S.C. §§ 1466A(a), 2252A(b)(1). Rather, § 3583(k) separately authorizes a term of supervised release of "any term of years or life" for certain offenses, including those contained in § 2252A. *See id.* § 3583(k). Section 1466A, however, is *not* listed among

No. 24-50768

Government suggests the ACA itself, through the "like punishment" clause, is an applicable exception to the supervised release maximums in § 3583(b). But if we were to adopt the Government's position and permit the district courts to impose supervised release terms of their choosing, district courts could then sentence any ACA defendant to any supervised release term, because no statutory maximum authorized by Congress would exist for ACA offenses.[10]

The Government further argues that subsection (k) applies because the Guidelines call for sentencing a defendant under the ACA by applying the most analogous offense guideline. While the Government is correct that the Guidelines apply to determine the length of the sentence itself, the question presented is what the proper statutory supervised release maximum is for Swarner's offense. Furthermore, even if we were to assume the Guidelines control in setting the statutory minimum and maximum term of supervised release, the supervised release provision and commentary in the Guidelines brings the question back to the statutory maximums, which are bright lines authorized by Congress. U.S.S.G. § 5D1.2.

---

these provisions, and the list appears to be exclusive and comprehensive. *See id.* Thus, the maximum term of supervised release applicable to Count Three, a class C felony, is three years. *See id.* §§ 3559(a), 3583(b). Because a lifelong term of supervised release exceeds that statutory maximum on Count Three, and because the district court imposed a lifelong term of supervised release as part of a general sentence, *see infra,* we must remand for clarification as to the term of supervised release imposed on Count Three.

*United States v. Moriarty*, 429 F.3d 1012, 1023–24 (11th Cir. 2005).

[10] Nor would the supervised release sentence be limited to the state law maximum. Under *Flores*, we expressly permitted district courts to sentence defendants to a supervised release term even when the sum of that term and the sentence of imprisonment exceeds the "like punishment" maximum under state law. 130 F.4th at 471.

No. 24-50768

Therefore, 18 U.S.C. § 3583 is unambiguously clear that federal offenses not listed under the subsection (k) exception, or "as otherwise provided" by statute, are subject to the general statutory maximums under subsection (b).  The list in subsection (k) "appears to be exclusive and comprehensive," and Swarner's offense is not on it.  *Moriarty*, 429 F.3d at 1024.  Sentencing Swarner to thirty years of supervised release under subsection (k) exceeds the statutory maximum of subsection (b) by twenty-five years.  For that reason, we vacate Swarner's supervised release term for the district court to resentence Swarner to supervised release in accordance with the statutory maximum of § 3583(b).  *See United States v. Stribling*, 253 F.3d 706, 2001 WL 498787 (5th Cir. 2001) (unpublished) (vacating term of supervised release only, and remanding to the district court for resentencing within the correct statutory maximum).

IV

This case comes down to a narrow issue of statutory interpretation: whether subsection (k) can set the minimum and maximum supervised release term for offenses that are analogous under the ACA, rather than enumerated within subsection (k).  The text of subsection (k) is an unambiguous, clear, and comprehensive list of offenses.  We accordingly VACATE the supervised release term imposed by the district court and REMAND for resentencing within the correct statutory maximum under § 3583(b).

12