# United States Court of Appeals for the Fifth Circuit

---

No. 25-10739
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kelley Lynn Lamberson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CR-508-1

---

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

Kelley Lynn Lamberson pleaded true to violating the terms of her supervised release. Among other violations, Lamberson tested positive for amphetamine seven times in a span of two months, so revocation was mandatory under 18 U.S.C. § 3583(g). The district court sentenced her to twelve months of imprisonment to be followed by forty-eight months of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

supervised release. Lamberson appealed, asserting that her supervised release sentence is substantively unreasonable and that § 3583(g) is unconstitutional under *United States v. Haymond*, 588 U.S. 634 (2019).

Turning first to the constitutional challenge, Lamberson argues for the first time on appeal that § 3583(g) violates the Fifth and Sixth Amendments by mandating a sentence of imprisonment based on facts found by a judge under a preponderance of the evidence standard. Lamberson acknowledges that her argument is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), but she raises the issue to preserve it for further review.

As for her other challenge, Lamberson argues that her sentence of supervised release is substantively unreasonable because the district court considered the retributive sentencing factors listed in 18 U.S.C. § 3553(a)(2)(A) when determining her sentence. We review this issue for plain error. Although Lamberson requested a lower sentence than the one she received, she failed to preserve this specific objection because she "did not object to the district court's reliance on an improper sentencing consideration." *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020).

Generally, if a defendant violates a condition of supervised release, the district court has "broad discretion" to revoke the term of supervised release and impose a new term of imprisonment under 18 U.S.C. § 3583(e)(3). *United States v. Flores*, 130 F.4th 465, 471 (5th Cir. 2025). But the Supreme Court recently emphasized a statutory limitation to this discretion: When determining whether to revoke supervised release under § 3583(e), district courts may not consider the retributive factors captured in § 3553(a)(2)(A). *Esteras v. United States*, 606 U.S. 185, 194–95 (2025). That is, courts may not consider the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18

U.S.C. § 3553(a)(2)(A). When a defendant argues on appeal that the district court impermissibly relied on § 3553(a)(2)(A) without first objecting to the district court, we must affirm "unless it is 'clear' or 'obvious' that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Esteras*, 606 U.S. at 202–03 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Lamberson argues that the district court's desire to exact retribution "dominated the revocation hearing." When imposing the sentence, the district court acknowledged that Lamberson was "on supervised release for an incredibly serious crime." "This whole thing is not all about fixing you," the court continued. "I've got to protect the public." The court further observed that Lamberson had "done absolutely nothing" the court had asked her to do, and while it recognized that Lamberson "clearly grapples with addiction," the court emphasized that she "doesn't just hurt herself when she acts out." According to Lamberson, these statements show the district court's desire to impose a sentence that reflects the seriousness of Lamberson's underlying offense, promotes respect for the law, and provides just punishment.

On the contrary, the district court invoked only permissible sentencing factors when it imposed Lamberson's revocation sentence. The court considered "the nature and circumstances of the offense" along with Lamberson's "history and characteristics" to impose a sentence that protects the public from further crimes she may commit. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Further, the court recounted Lamberson's history of noncompliance with the conditions of her supervised release and expressed its frustration with her breach of the court's trust. The district court was allowed to consider all of these factors when revoking supervised release and imposing a new sentence. *Id.* § 3583(e); *see Cano*, 981 F.3d at 426. "Even if the district court's inquiry could theoretically have been relevant to an

impermissible retributive purpose, we will not assume that the district court in fact had such a purpose in mind—at least where the only purposes the district court actually mentioned were permissible ones." *United States v. Sanchez*, 900 F.3d 678, 685 (5th Cir. 2018). Thus, because the district court did not rely on § 3553(a)(2)(A) "either expressly or by unmistakable implication," Lamberson has not shown plain error. *Esteras*, 606 U.S. at 203.

Even if the district court *did* rely on § 3553(a)(2)(A), Lamberson's challenge still fails. Revocation was mandatory under § 3583(g). When a district court imposes a mandatory revocation sentence, it is not required to consider *any* of the § 3553(a) factors, and it is not clear error for the court to consider § 3553(a)(2)(A). *United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015). *Esteras*—which addressed discretionary revocation under § 3583(e), not mandatory revocation under § 3583(g)—did not change this rule. *See United States v. Grant*, No. 25-30008, 2026 WL 323160, at *4 (5th Cir. Feb. 6, 2026) (per curiam) (applying *Illies*'s progeny post-*Esteras*).

Lamberson argues that *Illies* is inapplicable because it involved a revocation sentence of imprisonment whereas she challenges her sentence of supervised release. This is a distinction without a difference. When a district court imposes a mandatory term of imprisonment under § 3583(g), it may consider the same factors when it imposes a term of supervised release to follow. After all, "a term of supervised release is not itself a 'sentence' at all; it is a component of a defendant's *prison* sentence." *Esteras*, 606 U.S. at 193 n.4. Indeed, in *Garner*, we relied on *Illies* to reject an argument that the district court impermissibly relied on § 3553(a)(2)(A) when it imposed a mandatory revocation sentence that included both imprisonment and a term of supervised release. 969 F.3d at 551, 553 & n.12.

No. 25-10739

In sum, Lamberson has not met her burden of establishing a clear or obvious error with respect to her mandatory revocation sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We AFFIRM.