# United States Court of Appeals for the Fifth Circuit

No. 25-50825
CONSOLIDATED WITH
No. 25-50830

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDGAR JULIAN ANTUNEZ-PEREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 2:23-CR-953-1,
2:23-CR-1411-1

Before KING, HAYNES, and HO, *Circuit Judges*.
PER CURIAM:[*]

Edgar Julian Antunez-Perez appeals the sentence imposed following his conviction for illegal reentry and the consecutive sentence imposed following the revocation of his term of supervised release. He argues that the district court erred by failing to sufficiently explain why it was ordering the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

sentences to run consecutively, by ordering a term of supervised release on a deportable alien, and by considering prohibited retributive sentencing factors in imposing a term of supervised release.

We review for plain error because he did not present these arguments in the district court. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). The record in this case implies that the district court was aware of and considered Antunez-Perez's arguments as well as the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 (5th Cir. 2000). There is nothing suggesting that the district court did not intend for its discussion of the § 3553(a) factors to apply to its decision to run the sentence consecutively. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Moreover, Antunez-Perez has not shown that a more thorough explanation of the decision to impose consecutive sentences would have resulted in a lesser sentence. *See United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015).

The district court's reference to "a just sentence" is not the same thing as the prohibited factor of "just punishment." 18 U.S.C. § 3553(a)(2)(A); *see* 18 U.S.C. § 3583(c). Further, there is no indication that the district court's consideration of promoting respect for the law was a dominant factor in the selection of the term of supervised release. *See Rivera*, 784 F.3d at 1018. The court stated that it was imposing a term of supervised release to reflect the need to deter any future criminal conduct and noted that this was Antunez-Perez's third conviction for illegal reentry. Thus, the court's particularized explanation was sufficient to justify the imposition of supervised release. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).

The district court's judgments are AFFIRMED.